UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELRICO R. SUTTON,

        Plaintiff,

v.

OPTION ONE MORTGAGE
CORPORATION,

        Defendant.
_____/

CIVIL ACTION NO. 07-10238

DISTRICT JUDGE BERNARD A. FRIEDMAN

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**:

I recommend that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied. I further recommend that the Complaint be dismissed, with prejudice, but that no sanction be imposed upon Plaintiff.

**II.    REPORT**:

    **A.    Procedural History**

Plaintiff's Complaint was filed on January 16, 2007. Defendant was served with Summons and Complaint on January 25, 2007. On February 2, 2007, prior to filing an Answer, Defendant filed its Motion for Summary Judgment and Sanctions, Alternatively for Dismissal and a More Definite Statement. On February 6, 2007, Plaintiff filed his Notice of Concurrence in Defendant's Motion. On the same date, Plaintiff filed his Cross-Motion for Summary Judgment. On February 8, 2007, Defendant filed its Response to Plaintiff's Motion for Summary Judgment, together with Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

**B.     Applicable Law and Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a Complaint must be dismissed if it fails to state a claim upon which relief may be granted.  In assessing a Motion to Dismiss, the Court "must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  Allard v. Weitzman, (In Re: DeLorean Motor Company), 991 F.2d 1236, 1239-40 (6th Cir. 1993) (citing Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990)); see also, Conely v. Gibson, 355 U.S. 41 (1957). "A Complaint need not set down in detail all the particulars of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996) (citation omitted).

Although the standard is liberal, it requires more than the bare assertion of legal conclusions.  In Re: DeLorean Motor Company, 991 F.2d at 1240; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1998).  The Complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Scheid, 859 F.2d at 436 (quoting Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985)).

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment will be granted when the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.

Celotex v. Catrett, 477 U.S. 317, 323 (1986). The Court must consider all pleadings, affidavits, and admissions on file and draw all justifiable inferences in favor of the party opposing the motion. Smith v. Hudson, 600 F.2d 60, 64 (6th Cir.), cert. dismissed, 444 U.S. 986 (1989). The moving party has the burden of showing the Court that no genuine issues of material fact remain. Agristor Financial Corp. v. Van Sickel, 967 F.2d 233, 236 (6th Cir. 1992). However, Rule 56(e) states that the non-moving party has the burden of setting forth "specific facts showing that there is a genuine issue for trial," or else a judgment for the moving party will be entered.

A pro se petitioner's complaint will be held to a less stringent standard than one drafted by an attorney. Hanes v. Curner, 404 U.S. 519, 520 (1972). Nevertheless, the Court will not engage in a guessing game in order to determine the nature of the claims asserted by a pro se litigant. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

**C.     Factual History**

On December 30, 2003, Plaintiff Delrico Sutton executed a Promissory Note in favor of Amerifund Financial Inc., dba All Fund Mortgage, in the sum of $138,550.00. The note was secured by a mortgage executed by Plaintiff and his wife and granting the lender a lien on certain real estate at 17158 Santa Barbara Drive, Detroit, Michigan 48221. Defendant Option One Mortgage Corp. serviced the loan account for Amerifund. (Defendant's Exhibits 1 and 2).

Defendant asserts in its brief that Plaintiff "sent Option One some bizarre documents including a phony Promissory Note purporting to pay off the loan," and that Defendant "responded to Plaintiff's sham documents and informed him that he was not relieved of his obligation to repay his loan." (Defendant's Brief, Page 5). In letters to Plaintiff on April 28,

3

2005, May 12, 2005 and June 17, 2005, Mr. Sutton was advised that his loan account was seriously delinquent and that foreclosure proceedings were imminent.

Early in 2005, Plaintiff filed suit against Defendant in the Third Circuit Court for the County of Wayne, State of Michigan, in case No. 05-501529CK. Attached to the Wayne Circuit Court Complaint are copies of the documents described in Defendant's Motion for Summary Judgment, which confirm that Plaintiff attempted to discharge his obligations under the note and mortgage by the tender of an "offer of performance," a "certified promissory note" and a "verification of tender of payment and notice of reservation of right for initiating counter-claim and for filing claims against bond." (Defendant's Exhibit 3, Pages 2-12, inclusive). Also attached to Plaintiff's state court Complaint are additional documents reflecting Plaintiff's "administrative demands" upon Option One to validate its debt by the completion of a "Debt Collector Disclosure Statement," and responsive correspondence from Defendant rejecting Plaintiff's purported payment of his debt, as well as his demands for disclosure and assertions that his obligations to the Defendant were ended. (Defendant's Exhibit 3, Pages 10-22).

On May 13, 2005, the Honorable Warfield Moore, Jr., Judge of the Third Circuit Court for the County of Wayne, entered an Order granting Defendant's Motion for Summary Judgment in Case No. 05-501529CK, and terminating the action. (Defendant's Exhibit 4). On January 27, 2006, the Court of Appeals of the State of Michigan granted Plaintiff's Motion to Waive Fees, but denied his Application for Delayed Appeal of Judge Moore's order "for lack of merit in the grounds presented." (Defendant's Exhibit 5). On March 17, 2006, the same court denied Plaintiff's Motion for Reconsideration, as well as his "motion requesting finding of facts and conclusions of law." (Defendant's Exhibit 6). On May 9,

2006, the Michigan Supreme Court rejected Plaintiff's pleadings intended to appeal the Court of Appeals Judgment, due to his failure to comply with MCR 7.302(C)(2). Plaintiff was advised that the Court would accept no further pleadings with respect to the matter. (Defendant's Exhibit 7).

In March 2006, Plaintiff wrote a certified letter to Defendant stating his belief that Option One had violated "many federal laws," and announcing his preparation of a federal lawsuit. Plaintiff further stated, however, that he would conditionally accept Defendant's actions with regard to "Loan Number 0012496337 and Case No. 05-326811-LT"[1] and would not file his federal lawsuit if Option One would provide proof of various claims and issues relating to the mortgage debt which was the subject of the state court case. The letter announced that Defendant's failure to provide the proofs requested would constitute a tacit agreement/admission that the debt in Loan Number 0012496337 had been discharged by Plaintiff's tender of the second promissory note and that Defendant would relinquish and remove "any and all of its encumbrances, liens etc., in Re: To the Property at 17158 Santa Barbara Drive, Detroit, Michigan . . .." Plaintiff further asserted that Defendant's failure to respond to his demands would constitute: (a) an admission that Option One had conspired with its state court attorney to deprive Plaintiff of his property without due process; (b) agreement to Plaintiff's calculation of damages in the sum of $28,161,842.08 and (c) consent to "judgment by estoppel," waiving all rights to defend or testify with regard to such matters. (Plaintiff's Exhibit A, Document 2).

---

[1] Although it is not made clear in the parties motion papers, their exhibits suggest that this case number was assigned to a state district court case which preceded Plaintiff's filing of Case No. 05-501529CK in the Third Circuit Court for the County of Wayne (Judge Moore).

Plaintiff's Complaint in this action alleges that Defendant failed to make a timely response to the demands in his March 2006 letter, despite actual notice of them. The Complaint prays the court to order Defendant to pay the damages claimed.

Defendant's Motion for Summary Judgment asserts that Plaintiff's claims for damages relating to the mortgage note and state court judgment are barred by the doctrine of res judicata. Defendant further maintains that Plaintiff's Complaint fails to state a contract claim upon which relief may be granted.

Plaintiff's Petition for Judicial Review and Summary Judgment seeks the relief prayed in the Complaint "because the Plaintiff's intent and purpose for sending the private contract/administrative remedy was clearly disclosed within the documents and the Defendant was given a number of opportunities to respond to the claims asserted in the administrative remedy, but chose not to." Plaintiff asserts that Defendant "was fully disclosed of the actions that would take place if the Defendant failed to respond," and that Defendant "willfully and purposely" failed to respond, "which is acquiescence and constitutes an implied agreement/consent to the claims and stipulations within the contract, therefore empowering the stipulations with the force of law." (Plaintiff's Motion, Page 2).

### D. <u>Analysis</u>

Defendant seeks summary judgment on two grounds. First, it asserts that any claim for damages relating to Plaintiff's original note and mortgage are precluded by the doctrine of res judicata. Second, it asserts that the Complaint fails to state a claim under any viable contract theory. Both arguments are valid.

Res judicata is an affirmative defense, and is ordinarily raised in the pleadings. Fed.R.Civ.P. 8(c). Such pleading is intended to give the opposing party notice of the

6

defense and a chance to argue why its imposition would be inappropriate. "Although there may have previously been some doubt, it is now clearly established that res judicata can also be raised by motion." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). The cases cited in the Westwood decision reflect that the doctrine may be raised either by a motion for summary judgment or a motion to dismiss. Furthermore, a district court is empowered to raise res judicata sua sponte in the interest of promoting judicial economy. Halloway Construction Co. v. U.S. Department of Labor, 891 F.2d 1211 (6th Cir. 1990) (citing United States v. Sou Nation of Indians, 448 U.S. 371, 432 (1980).

Defendant relies on the provisions of 28 U.S.C. §1738 which provides that the judicial proceedings of any state, territory or possession of the United States "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state, territory or possession from which they are taken." The Supreme Court of the United States has held that the statute obliges federal courts to give the same preclusive effect to a state court judgment as would the courts of the state rendering the judgment. McDonald v. City of West Branch, Mich., 466 U.S. 284 (1984). Thus, if an individual would be precluded from litigating an action in state court by traditional principles of res judicata, he is similarly precluded from litigating his suit in federal court. Gutierrez v. Lynch, 286 F.2nd 1534 (6th Cir. 1987). It is well established that §1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Marrese v. American Academy of Orthopedic Surgeons, 470 U.S. 373, 380 (1985). Rather, if a state court precludes an action, then a federal court must also preclude it, unless Congress has created or intended to create an exception. Id.

7

The Michigan Supreme Court has adopted the "broad application" of the res judicata doctrine, barring both claims actually litigated in a prior action and those claims arising out of the same transaction which Plaintiff could have brought but did not. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991). "To constitute a bar, there must be an identity of the causes of action, that is, an identity of facts creating the right of action and of the evidence necessary to sustain each action." Westwood Chemical Co. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981) (citations omitted). "Res judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." Eaton County Road Commission v. Schultz, 205 Mich.App. 371, 375 (1994). This doctrine requires that (1) the first action be decided on the merits, (2) the matter contested in the second case was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." Id. at 376. I am satisfied that each of the elements is fully satisfied in this case.

This is (at least) the second (and probably the third) lawsuit filed by Plaintiff concerning the mortgage executed by him and his wife in favor of Amerifund Financial.[2] Although the instant case is presented as a contract action, it is apparent that the substance of the alleged contract represented an effort on Plaintiff's part to undermine the judicial determination of the 3rd Circuit Court of the State of Michigan (and, presumably the 36th District Court of the State of Michigan). It is beyond serious question that the current

---

[2] In filing the instant action, Plaintiff listed two companion cases: Case No. 05-326811LT in the 36th District Court of the State of Michigan (Honorable Willy G. Lipscomb, Jr.) and Case No. 05-50129CK in the 3rd Circuit Court, State of Michigan (Honorable Warfield Moore) E.D. Mich. LR 83.11(b)(7)(A) defines a companion case as one in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present, and the cases arise out of the same transaction or occurrence.

case and the case before Judge Moore (and most likely the district court case as well) arise from the same transaction, and that each represents a challenge by Plaintiff to the right of Amerifund Financial Inc., and Defendant as its agent, to assert rights under the promissory note and mortgage of December 30, 2003. The Plaintiff and Defendant here were also the parties to the Wayne Circuit Court action. Judge Moore entered judgment for the Defendant in Case No. 05-501529CK on Option One's Motion for Summary Disposition pursuant to MCR 2.116(C)(10). Under Michigan law, summary disposition under that rule constitutes a final judgment on the merits for purposes of later invoking the doctrine of res judicata. Chakan v. City of Detroit, 998 F.Supp. 779 (E.D. Mich. 1998); ABB Paint Finishing v. Nat'l Fire Ins., 223 Mich.App. 559 (1997).

It is also apparent that the matters upon which Plaintiff seeks a judgment of this court were, or could have been, resolved in the state court action. Plaintiff could (and should) have raised his claims of fraud and/or deprivation of due process in the state court litigation which he initiated. Having failed to do so, the state circuit court judgment, as confirmed on appeal, precludes the Plaintiff's assertion of the same claims in this court. Schwartz v. Flint, 187 Mich.App. 191, 194 (1991).

Even if res judicata did not prevent this court from adjudicating issues which were, or could have been, addressed in the state court judgment, Defendant would be entitled to dismissal of this action because the Complaint fails to state a claim upon which relief may be granted. Plaintiff seeks to impose liability upon Defendant based on contract principles. Under Michigan law, the elements of a valid contract are: (1) parties competent to contract, (2) a proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. Hess v. Cannon Township, 265 Mich.App. 582;

9

696 NW 2nd 742 (2005), lv den 474 Mich. 923; 706 NW 2nd 8 (2005).  The element of mutuality of agreement requires a meeting of the minds on all material issues.  Whether such a meeting of the minds occurred is determined by an objective analysis of the express words of the parties and their visible acts.  Sanchez v. Eagle Alloy Inc., 254 Mich.App. 651; 658 NW 2nd 510 (2003) lv den 471 Mich. 851; 684 NW 2nd 342 (2004).  Silence or inaction generally does not constitute acceptance of a contract offer.  Gorham v. Peerless Life Ins.Co., 368 Mich. 335; 118 NW 2nd 306 (1962); see also Bivans Corp. v. Community National Bank of Pontiac, 15 Mich.App. 178; 166 NW 2nd 270 (1969), Grice v. Nobel, 59 Mich. 115; 26 NW 688 (1886), and Restatement (First) of Contracts §72.

Construing Plaintiff's Complaint in the light most favorable to him, and accepting all factual allegations as true, I am satisfied that Plaintiff undoubtedly can prove no set of facts in support of his contract claim that would entitle him to relief.  No fact alleged in the Complaint would support the conclusion that Option One had any duty whatsoever to respond to Plaintiff's contract offer.  Defendant had already litigated its rights against Plaintiff and the mortgaged real estate, and had obtained a favorable judicial determination.  Once the state litigation was ended, Defendant had no obligation whatever to explain or support its claims and/or defenses to Plaintiff's satisfaction.  Rather, Option One was fully within its rights to ignore any overtures on Mr. Sutton's part.  Defendant's silence could not support a reasonable inference of assent or agreement to Plaintiff's offer.  Absent such agreement, no contract could have come into existence.

Not only was Defendant's silence in response to Plaintiff's contract proposition sufficient to preclude the formation of an enforceable agreement, other evidence in the case confirms Option One's lack of any inclination whatever to negotiate or contract with

Mr. Sutton. In a letter of November 5, 2004, Defendant's legal counsel, Jan A. Zemanek made it abundantly clear that it rejected an earlier proposition by Plaintiff which was almost identical to that upon which the instant contract allegation is based. Furthermore, Zemanek informed Mr. Sutton that Option One would not respond "to any future correspondence from [Plaintiff] or anyone purporting to act on [Plaintiff's] behalf . . .." (Defendant's Exhibit 3, Pages 12-15).[3]

Viewing the Complaint in the light most favorable to Plaintiff, and accepting his factual allegations as true, I conclude that the Complaint fails to state a compensable contract claim. Accordingly, I recommend that Defendant's Motion for Summary Judgment/Dismissal be granted.

Plaintiff's Motion for Summary Judgment warrants little discussion. Plaintiff seeks a favorable judgment on his claim for $28,161,842.08 in monetary damages on the theory that he openly declared to Defendant his "intent and purpose" in sending the proposed "private contract" (offer), and "fully disclosed . . . the actions that would take place if the Defendant failed to respond." Plaintiff claims that Defendant wilfully and purposely failed to respond, and that such acquiescence "constitutes an implied agreement/consent to the claims and stipulations within the contract . . .." As stated above, Plaintiff's theory is inconsistent with well established principles of contract. The general rule is that silence alone will not constitute a valid acceptance. Only in special circumstances will a party be bound by mere acquiescence. 5A Mich. Civ. Jur. Contracts §25 (2006) (citing Turner

---

[3] It is interesting to note that Plaintiff's Response to Defendant's Motion for Summary Judgment is couched in terms of a "conditional concurrence," on proposed terms strikingly similar to those described in the Complaint. Plaintiff is nothing, if not persistent.

Associates, Inc. v. Small Parts, Inc., 59 F.Supp. 2nd 674 (E.D. Mich. 1999). Special circumstances may exist where an offeree exercises dominion over things that are offered to him. Such exercise of dominion, in the absence of other circumstances showing a contrary intention, could be interpreted as acceptance. No such special circumstances, however, exist in this case. Furthermore, Defendant had explicitly informed Plaintiff by letter in November 2005 that it would not respond to further propositions or offers of compromise issued by him. Accordingly, there is no basis upon which this court could conclude that Option One's silence constituted an acceptance of Plaintiff's offer of compromise. Accordingly, I recommend that Plaintiff's Motion for Summary Judgment be denied.

Defendant's Motion seeks the imposition of sanctions under Fed.R.Civ.P. 11. It characterizes Plaintiff's Complaint as "an attempt to harass and annoy Option One and to impose costs on Option One." Fed.R.Civ.P. 11 reads in pertinent part, as follows:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances -
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

Fed.R.Civ.P. 11(b)(1) - (4). Subsection (c) of the Rule provides for the imposition of sanctions on a motion filed by a party, but only after the observance of certain "safe harbor" formalities. There is no evidence that such formalities were observed in this instance. In addition, it is apparent that Plaintiff is a lay person who is woefully ill equipped to formulate legal arguments. For those reasons, I recommend that the court indulge Plaintiff with a presumption of good faith and withhold the imposition of sanctions in this instance. I further recommend, however, that Plaintiff be specifically admonished that his rights and obligations pertaining to the original promissory note and mortgage have been fully adjudicated, and that any further effort on his part to assert legal claims relating to those matters will not be viewed by this court as undertaken in good faith. Defendant has fully litigated the issues relating to the note and mortgage, and has earned a favorable judgment. Any further effort on Plaintiff's part to undermine Defendant's judgment should be dealt with sternly.

For all of the above reasons I recommend that Option One's Motion for Summary Judgment and Sanctions, Alternatively for Dismissal and for a More Definite Statement be granted in part. The Complaint in this action should be dismissed, with prejudice. I further recommend, however, that no sanction be imposed upon Plaintiff, but that he be

admonished that future similar efforts to litigate his claims will be sanctionable under Fed.R.Civ.P. 11. Finally, I recommend that Plaintiff's Motion for Summary Judgment be denied.

### III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 25, 2007

**CERTIFICATE OF SERVICE**

       I hereby certify on May 25, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 25, 2007. **Delrico Sutton.**

                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge Donald A. Scheer
                              (313) 234-5217